IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| David A. Fleming, | ) | C/A No. 0:18-2946-TLW-PJG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, David A. Fleming, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.      Factual and Procedural Background**

Plaintiff, an inmate in the Lexington County Detention Center, indicates on a self-styled complaint that the State of South Carolina is providing him a "lack of security" due to his "false classification." He also alleges the he has Type 1 diabetes and the State has committed medical malpractice. Plaintiff further alleges the State used excessive force while transporting him to the medical unit while in handcuffs.

**II.     Discussion**

**A.      Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison

Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Page 2 of 6
PJG

B.   **Analysis**

In his Complaint, Plaintiff does not expressly state a recognizable legal cause of action, but in accordance with the court's duty to liberally construe *pro se* complaints, the court construes it as asserting a cause of action pursuant to 42 U.S.C. § 1983.  A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, the Plaintiff's Complaint is wholly lacking in factual allegations that would meet the federal pleading standards.  The Federal Rules of Civil Procedure require that a pleading's claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  But here, Plaintiff provides only vague, conclusory allegations that he was harmed by the State of South Carolina while detained in a detention center.  See Iqbal, 556 U.S. at 678 (stating Rule 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

Moreover, the only defendant named in Plaintiff's Complaint, the State of South Carolina, generally is immune from suit in federal court.  The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions

*PJG*

applies in the instant case.[1] Moreover, Plaintiff has not named an individual defendant that would be amenable to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983). Therefore, Plaintiff's claims against the State of South Carolina would be barred by the Eleventh Amendment.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) & (2) for failure to state a claim upon which relief can be granted and because the only named defendant is immune from suit. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] In a contemporaneously issued order, the court has provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process. In that order are instructions to fill out the standard *pro se* prisoner complaint form attached to the order. Plaintiff should use the attached complaint form to correct the deficiencies identified in this order. If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915A.

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A.


**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 29, 2018
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).